BAPTIST, Adm'r, etc., v. FARWELL TRANSP. CO.

*(Circuit Court, N. D. Ohio, E. D.  October Term, 1886.)*

COURTS—UNITED STATES CIRCUIT COURT—JUDGMENT—POWER TO SET ASIDE AT
    SUBSEQUENT TERM.
       The United States circuit court has no power, at a subsequent term, to set
       aside a judgment, in due form, unconditionally entered at a former term, and
       which has become a final judgment.

At Law. Motion for a rehearing refused and dismissed.
*Judge Cadwell, Hoyt & Munsell,* and *A. M. Cox,* for plaintiff.
*H. D. Goulder* and *Estep, Dickey & Squire,* for defendants.

WELKER, J.  The action was one for a personal injury, and the
case was tried to a jury at the April term, 1886, and a verdict for
the plaintiff for $3,250.  A motion was filed at said term for a new
trial, and was heard by the court, and overruled, and judgment en-
tered upon the verdict, and execution issued upon the judgment.
During said term, on the seventh day of September, 1886, a motion
was filed by the defendant asking for a rehearing and reargument of
the motion for a new trial, and stating that motion for a new trial
should have been granted, which motion was not heard or disposed
of at said term, and at its close a general order was entered "that all
the cases on the docket of this court not otherwise disposed of be con-
tinued until the next term of this court."

The defendant at this (October) term asks that said motion be re-
heard, and that the motion for new trial so overruled at the April
term be now heard, and said judgment be set aside, and a new trial
ordered.  This raises the question whether the court, after the term
at which a judgment is rendered, has power to set it aside at such
subsequent term in this summary way.  The motion filed at last
term for a rehearing, and which, by the general order, may be con-
tinued to this term, was one not known in proceedings at law.  It
amounted to the same as an oral motion for a rehearing at the term,
and nothing more.  If such rehearing was not had at the term, and
judgment set aside, it could not in any way affect the judgment so
entered, or in any manner suspend it.  It has been clearly settled
that the court has no power, at a subsequent term, to set aside a
judgment, in due form, unconditionally entered at a former term, and
which had become a final judgment.  Although the court may, at
this term, rehear the motion for new trial, still on such rehearing,
without power to set aside the judgment, such rehearing would avail
nothing to the defendant.  The motion for a rehearing is therefore
refused and dismissed.

JACKSON, J., concurs.