UNITED STATES v. 1,621 POUNDS OF FUR CLIPPINGS (GERRINGER, Claimant).

(Circuit Court of Appeals, Second Circuit. December 6, 1900.)

No. 5.

1. CUSTOMS DUTIES—ENTRY—UNDERVALUATION—ADDITIONAL DUTIES.
    Section 7 of the customs administrative act, as amended July 24, 1897 (30 Stat. 211), provides that, where the appraised value of dutiable imports exceeds the value declared in the entry, there shall be additional duties of 1 per cent. on the total appraised value for each 1 per cent. that the appraised value exceeds such declared value, not exceeding 50 per cent. of the appraised value; that such additional duties shall not be remitted, nor payment thereof avoided, except in cases arising from a manifest cler-

ical error; and that, if the appraised value exceeds such declared value by more than 50 per cent., except when arising from a manifest clerical error, the entry shall be presumptively fraudulent, and, unless the presumption is overcome, the merchandise shall be forfeited. *Held*, that the additional duties are payable, except in case of clerical error, irrespective of any question of fraudulent undervaluation on the part of the importer.

2. JUDGMENTS—CHANGE AFTER TERM.
        After the term at which a judgment is entered, the court pronouncing it cannot vacate it because entered "erroneously, and without authority of law," unless at such term steps are taken towards its vacation.

In Error to the Circuit Court of the United States for the Northern District of New York.

Chas. H. Brown, U. S. Atty.
Henry Gosslieb, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. At the May term of the United States district court for the Northern district of New York, in an action brought by the government for the condemnation of certain merchandise which had been seized by the collector of customs as forfeited to the United States because of a fraudulent undervaluation when entered for importation, the court dismissed the information, and ordered the merchandise released by the collector of customs upon the payment by the claimant of the duties upon the merchandise at its appraised value, "together with the penal duties provided by section 7 of the customs administrative act of July 24, 1897." At the September term next following a motion was made on behalf of the claimant to vacate the judgment entered at the previous term, and thereupon the court entered another judgment in the action vacating the judgment entered at the earlier term, dismissing the information, and ordering the merchandise to be released by the collector of customs upon the payment of the customs duties upon the appraised value of the merchandise without the penal duty. This writ of error assails the latter judgment.

It appears by the bill of exceptions that the merchandise in question was entered in August, 1898, for the claimant by one Fitchelberg; that the claimant instructed Fitchelberg to make entry at its full value; that Fitchelberg caused the merchandise to be entered as of the value of $140; that the dutiable value was $905, and it should have been entered at that value; and that the claimant was not a party to the fraudulent undervaluation, and had no knowledge thereof. The question whether the claimant was guilty of fraudulent undervaluation was submitted to the jury, and the jury rendered a verdict in his favor upon that issue. Under the statute of July 24, 1897 (30 Stat. 211, § 32), amending section 7 of the act of June 10, 1890, entitled "An act to simplify the laws in relation to the collection of the revenues," when the appraised value of imported merchandise subject to duty exceeds the value declared in the entry, additional duties shall be levied, collected, and paid of 1 per centum on the total appraised value thereof for each 1 per centum that such appraised value exceeds the value declared in the entry, but the addi-

tional duties are limited to 50 per cent. of the appraised value of the merchandise; and such additional duties are not to be construed to be penal, and shall not be remitted, nor payment thereof in any way avoided, except in cases arising from a manifest clerical error.   The section further provides that if the appraised value shall exceed the declared value by more than 50 per cent., except when arising from a manifest clerical error, such entry shall be held to be presumptively fraudulent, the collector of customs shall seize the merchandise, and proceed as in a case of forfeiture for violation of the custom laws; and that in any legal proceeding that may result from such seizure the undervaluation as shown by the appraisal shall be presumptive evidence of fraud, and the burden of proof shall be on the claimant to rebut the same, and forfeiture shall be adjudged unless he shall rebut such presumption by sufficient evidence.   Under this statute the additional duties are payable except in cases arising from a manifest clerical error, irrespective of any question of fraudulent undervaluation on the part of the importer.   The merchandise is not forfeited, however, and cannot be condemned, except in the case of a fraudulent undervaluation.   The verdict of the jury authorized the dismissal of the information, but it did not authorize that part of the judgment ordered by the court directing the collector to release the merchandise from seizure upon the payment by the claimant of the ordinary duties, and, in effect, relieving him from the payment of the additional duties.   The collector not being a party to the action, it is doubtful whether any provision should have been incorporated into the judgment directing him to release the merchandise.   However this may be, the provision inserted was erroneous, and the assignment of error is well taken.

Unless we are permitted to presume what does not appear by the record, the judgment should be reversed upon the authority of Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 997, and Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013.   These cases decide that during the term when it is rendered or entered of record a judgment or an order, however conclusive its character, is under the control of the court pronouncing it, and may then be set aside, vacated, or modified; but that after that term, unless steps be taken during its continuance by motion or otherwise, errors in a final judgment can only be corrected by an appellate court; and that neither the practice of the state courts in exercising control over their own judgments and administering equitable relief in a summary way, nor the statutes of the states can determine the action of the courts of the United States upon this subject.   The earlier judgment was not annulled because of a clerical error, but, according to the recital in the later judgment, upon the ground that it was entered "erroneously, and without authority of law."   The objection goes to the power of the court, and it does not appear that any steps were taken towards a vacation of the judgment during the May term.   The judgment is reversed.