UNITED STATES v. GRAY. SAME v. SHERMAN et al. SAME v. BALDWIN et al.

(District Court, S. D. New York. February 15, 1901.)

CUSTOMS DUTIES—ADDITIONAL DUTIES—UNDERVALUATION—CONSTRUCTION OF ACT 1897.

Section 32 of the tariff act of 1897 provides that, if the appraised value of any imported article subject to an ad valorem duty shall exceed the declared value in the entry, there shall be levied and collected an additional duty proportionate to the excess, but not exceeding 50 per centum of the appraised value. By a proviso it is declared that if the appraised value shall exceed the declared value by more than 50 per cent., except when arising from a manifest clerical error, the entry shall be held presumptively fraudulent, and the collector shall seize the goods, and proceed as in case of forfeiture. *Held*, that the fact that a case is within the terms of the proviso, or that the government has proceeded thereunder for the forfeiture of the goods, does not relieve the importer from liability for the additional duty imposed by the previous portion of the section, which expressly provides that such duty shall not be construed to be penal, and shall not be remitted nor refunded on any ground.

Actions by the United States to Recover Additional Duties.

Henry L. Burnett, U. S. Atty., and Arthur M. King, Asst. U. S. Atty.

Curie, Smith & Maxwell, for Gray.

Avery, Schlesinger & Paul, for Baldwin and others.

Sherman & Stanton, for Sherman & Stanton.

BROWN, District Judge. The above three actions are brought to recover an unpaid balance of regular duties, and a much larger sum for "additional duties" under the provisions of section 32 of the tariff act of July 24, 1897, upon the importation at New York in January and February, 1898, and in November and December, 1899, of certain dutiable goods upon which the value was fixed by the appraisers largely in excess of 50 per cent. above the value declared in the entry. In the first case a suit for forfeiture was discontinued before this suit was commenced; in the second, there was seizure, condemnation and sale of the goods; in the third, there was seizure, but as yet no condemnation.

Section 32 of the act of July 24, 1897, provides that if the appraised value of any imported article subject to an ad valorem duty, shall exceed the declared value in the entry—

"There shall be levied, collected and paid in addition to the duties imposed by law on such merchandise, an additional duty of one per centum of the total appraised value thereof for each one per centum that such appraised value exceeds the value declared in the entry; but the additional duties shall be limited ' * * * to 50 per centum of the appraised value of such article or articles.

"Such additional duties shall not be construed to be penal, and shall not be remitted or payment thereof in any way avoided, except in cases arising from a manifest clerical error, nor shall they be refunded in case of exportation of merchandise, or on any other ground, nor shall they be subject to the benefit of drawback:

"Provided, that if the appraised value of any merchandise shall exceed the value declared in the entry by more than 50 per cent. except when arising from a manifest clerical error, such entry shall be held to be presumptively fraudulent and the collector of customs shall seize such merchandise and proceed as in case of forfeiture for violation of customs laws."

The appraisement of the value of the goods imported is not here open to question. A jury trial was waived, and the cases have been submitted on stipulations as to the facts.

The principal contention on the part of the defendants is, that where, as in these cases, the valuation, as increased by the appraisers, exceeds by more than 50 per cent. the value declared in the entry, the government can only proceed under the proviso of the thirty-second section for the forfeiture of the goods, as presumptively fraudulent. The forfeiture, if decreed in such cases, applies "to the whole of the merchandise or the value thereof in the case or package containing the particular article or articles in such invoice which are undervalued"; and the defendants contend that goods liable to forfeiture under the proviso, are not liable to "additional duties" under the first branch of the section.

Elaborate arguments have been submitted to the court showing the variable practice of the government in the past, and numerous decisions from time to time more or less conflicting, as respects the liability to penalties, forfeitures or duties under former acts. In view,

however, of the very recent decision of the circuit court of appeals in this circuit in the case of U. S. v. 1,621 Pounds of Fur Clippings, 106 Fed. 161, I think this court should refrain from any discussion of this question. In that case the appraised value was largely in excess of 50 per cent. above the declared value, and upon a seizure of the goods and a suit for forfeiture on the ground of fraud, a jury upon trial had rendered a verdict for the defendants. Upon an appeal from the form of the judgment entered, and after the hearing in the court of appeals, it is distinctly stated in the opinion of the court, that the goods were liable not only for the balance of regular duties, but for the "additional duties," according to the language of the first part of section 32. Upon a motion for reargument on the same grounds here urged, that motion was denied.

Although in the case last referred to the reversal of the judgment below, in the form in which it was entered, was partly based upon the fact that the modification of the judgment first entered in the court below had been made after the expiration of the term during which the original judgment had been entered, still the expression of opinion by the court of appeals upon the point now raised is so direct as to make inappropriate any reconsideration of it by this court. If it be true, as claimed, that the point of practice was the determining ground of the decision by the court of appeals in the above case, an appeal in the present cases will present the questions sought to be raised unembarrassed by other considerations.

The express provision of section 32 is, that the additional duties shall not be construed to be penal and shall not be remitted. I think they must be treated, therefore, in precisely the same way that the balance of regular duties under the tariff act are treated; and it becomes, therefore, immaterial under the present act, whether any proceedings for forfeiture have been taken by the government, or what the result of these proceedings may have been.

Judgments for the United States in each of the cases for the amounts claimed.