### GRAY v. UNITED STATES.

#### (Circuit Court of Appeals, Second Circuit. January 14, 1902.)

#### No. 58.

CUSTOMS DUTIES—ADDITIONAL DUTIES — UNDERVALUATION — CONSTRUCTION OF ACT 1897.

Tariff Act 1897, § 32, provides that, if the appraised value of any imported article subject to an ad valorem duty shall exceed the declared value in the entry, there shall be levied and collected an additional duty, proportionate to the excess, but not exceeding 50 per cent. of the appraised value; and by a proviso it is declared that if the appraised value shall exceed the declared value by more than 50 per cent., except when arising from a manifest clerical error, the entry shall be held presumptively fraudulent, and the collector shall seize the goods and proceed as in case of forfeiture. *Held*, that the fact that a case is within the terms of the proviso, and that the government has proceeded thereunder for the forfeiture of the goods, does not relieve the importer from liability for the duties imposed by the previous portion of the section.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against Herbert W. Gray to recover additional customs duties. From a judgment in favor of the United States (107 Fed. 104), defendant appeals. Affirmed.

This cause comes here upon a writ of error to review a judgment of the district court, Southern district of New York, in favor of the United States against the plaintiff in error, who was defendant below. 107 Fed. 104. In January and February, 1898, the defendant made three importations from a foreign country of certain sheet music, and entered the same for duty at the New York custom house. The appraiser advanced the value of the goods 100 per cent. The United States thereupon began an action in personam, under section 7 of the customs-administrative act, as amended by section 32 of the tariff act of July 24, 1897, to recover the value of these importations. That action was subsequently discontinued by the government. The entries were liquidated, and regular duties paid on the corrected valuation. The collector assessed an additional duty of 50 per cent. of the value of the merchandise, under section 7 of the act above referred to. To recover such additional duty, this action was brought. The case was tried upon an agreed statement of facts, in which it was stipulated that the defendant acted in perfect good faith in entering the music at the lower valuation, and did not know or believe the merchandise to be undervalued, and had no intent to defraud the United States. Judgment was rendered in favor of the United States for the additional duty.

W. Wickham Smith, for plaintiff in error.
Arthur M. King, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

LACOMBE, Circuit Judge (after stating the facts). The statute under consideration is section 7 of the customs administrative act of June 10, 1890, as amended by section 32 of the tariff act of July 24, 1897. It reads as follows:

"That the owner, consignee, or agent of any imported merchandise which has been actually purchased may, at the time when he shall make and verify his written entry of such merchandise, but not afterwards, make such addition in the entry to the cost or value given in the invoice or pro forma invoice or statement in form of an invoice, which he shall produce with his entry, as in his opinion may raise the same to the actual market value, or wholesale price of such merchandise at the time of exportation to the United States, in the principal markets of the country from which the same has been imported; but no such addition shall be made upon entry to the invoice value of any imported merchandise obtained otherwise than by actual purchase; and the collector, within whose district any merchandise may be imported or entered, whether the same has been actually purchased or procured otherwise than by purchase, shall cause the actual market value or wholesale price of such merchandise to be appraised; and if the appraised value of any article of imported merchandise subject to an ad valorem duty or a duty based upon or regulated in any manner by the value thereof shall exceed the value declared in the entry, there shall be levied, collected and paid in addition to the duties imposed by law on such merchandise an additional duty of one per centum of the total appraised value thereof, for each one per centum that such appraised value exceeds the value declared in the entry, but the additional duties shall only apply to the particular article or articles in each invoice that are so undervalued, and shall be limited to fifty per centum of the appraised value of such article or articles. Such additional duties shall not be construed to be penal, and shall not be remitted nor payment thereof in any way avoided, except in cases arising from a manifest clerical error, nor shall they be refunded in case of exportation of the merchandise or on any other account, nor shall they be subject to the benefit of drawback: provided, that if the appraised value of any merchandise shall exceed the value declared in the entry by more than fifty per centum, except when arising from a manifest clerical error, such entry shall be held to be presumptively fraudulent, and the collector of customs shall seize such mer-

chandise, and proceed as in case of forfeiture for violation of the customs laws, and in any legal proceeding that may result from such seizure, the undervaluation as shown by the appraisal shall be presumptive evidence of fraud, and the burden of proof shall be on the claimant to rebut the same and forfeiture shall be adjudged unless he shall rebut such presumption of fraudulent intent by sufficient evidence. The forfeiture provided for in this section shall apply to the whole of the merchandise or the value thereof, in the case or package containing the particular article or articles in each invoice which are undervalued. Provided, further, that all additional duties, penalties or forfeitures applicable to merchandise entered by a duly certified invoice, shall be alike applicable to merchandise entered by a pro forma invoice or statement in the form of an invoice, and no forfeiture or disability of any kind, incurred under the provisions of this section, shall be remitted or mitigated by the secretary of the treasury. The duty shall not, however, be assessed in any case upon an amount less than the invoice or entered value."

This section was before this court in the case of U. S. v. 1,621 Pounds of Fur Clippings, 45 C. C. A. 263, 106 Fed. 161, and was construed in view of the very question here raised. The argument in this case has been practically but a reargument of that case, which, indeed, was itself reargued soon after its decision. We there held that "under this statute the additional duties are payable, except in cases arising from a manifest clerical error, irrespective of any question of fraudulent undervaluation on the part of the importer." The plaintiff in error contends that the meaning of the section is that the additional duty of 1 per centum for every 1 per centum of undervaluation applies only to undervaluations of 50 per centum or less; that where the undervaluation exceeds 50 per centum, in lieu of assessing any additional duty at all, the collector shall proceed to forfeit the goods, and if he fail of success, because the importer may satisfy the jury that the undervaluation was without fraudulent intent, nothing at all—neither forfeiture nor additional duty—can be collected by the government by reason of the undervaluation. In other words, he asks to have the section construed as if the clause, "the additional duties * * * shall be limited to 50 per centum of the appraised value," read, "additional duties shall not be imposed where the appraised value exceeds the entered value by more than 50 per centum." In support of his contention, defendant refers to U. S. v. 67 Packages of Dry Goods, 17 How. 85, 15 L. Ed. 54. All that was held in that case is that provisions for forfeiture for undervaluation contained in the tariff act of March 2, 1799, were not repealed by the tariff act of July 30, 1846, which provided for an additional duty when undervaluation exceeded 10 per centum. At the close of the opinion in that case there is the statement that, "if this additional duty has been levied upon the goods by the government, it cannot forfeit them"; but such statement is wholly obiter, not called forth by anything in the case, and is supported by no suggestion of any reason for adopting such construction. The defendant, as a reason for such construction, contends that it is not to be supposed that congress intended to inaugurate a system of cumulative punishments; the customs officers having, prior to the amendment now under consideration, always elected to take one course or the other. And he points out that it would be a great hardship for an importer

who had established his good faith in a forfeiture trial to have to pay an additional duty nevertheless. It seems to us, as it did when the question was before us in the Fur Clippings Case, that the simple answer to all these arguments is that the statute is not one whose phraseology requires construction. Neither in its words, its phraseology, nor its general structure does it present anything dubious, uncertain, ambiguous, or obscure. It provides for an appraisement by government officers, and for an additional duty of 1 per centum of the total appraised value for each 1 per centum of undervaluation. It limits such additional duties to the particular article or articles in each invoice that are so undervalued, and to 50 per centum of the appraised value of such articles (under some earlier statutes the additional duty increased with the undervaluation indefinitely, and might run up to 2,000 or 3,000 per centum). Perfect good faith, or entire absence of any intent to defraud, is no defense to the exaction of this additional duty. With no language in any wise suggestive of an alternative, the same section provides for seizure and proceedings to forfeit when the undervaluation exceeds 50 per centum,—a proceeding which may be defeated by showing good faith; and, if forfeiture is made out, it shall apply to the whole of the merchandise in the case or package containing the particular article or articles in each invoice which are undervalued. This may be a harsh system for the honest importer, but its amendment should be sought in congress, not in the courts. It is, no doubt, true that, under the section as it reads, an innocent importer who has undervalued his goods 90 per centum may have to stand the burden of a trial of the forfeiture action, and, prevailing in that, nevertheless have to yield up 50 per centum of their value as additional duty; but that state of affairs is not so extraordinary that the courts are to assume that congress intended something different from what it said, and are to construe unambiguous language contrary to its plain meaning. It may be noted that, under the construction for which plaintiff contends, an innocent importer who undervalued his goods 90 per centum would pay no additional duty at all (and establishing his innocence would avoid forfeiture), while the equally innocent importer who unfortunately had undervalued his goods only 49 per centum would have to pay 49 per centum of additional duty. This would seem to be quite as unjust as the system of which defendant complains. Certainly it would be more unfair as between both classes of innocent importers. We see no reason to modify the opinion expressed in the Fur Clippings Case.

The judgment of the district court is affirmed.