O'CONNOR v. O'CONNOR et al.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1905.)

No. 1,498.

JUDGMENTS—PROCEEDINGS TO VACATE—POWERS OF FEDERAL COURTS.

A federal court has no power, on motion or petition in an action at law, to vacate a judgment rendered at a previous term; the appropriate remedy, in case the judgment was wrongfully or fraudulently obtained, being by a bill in equity.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 668.]

In Error to the Circuit Court of the United States for the Western District of Texas.

J. D. Guinn (W. B. Stephens, on the brief), for plaintiff in error.

Wm. Aubrey, Venable B. Proctor, and J. V. Vandenberge (Proctor, Vandenberge & Crain and Davidson & Bailey, on the brief), for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This was a motion made in the court below on December 29, 1904, to vacate and set aside a judgment dismissing a cause and striking it from the docket, which judgment was rendered and entered on May 16, 1890, more than 14 years and 7 months before the motion was entered. The defendants demurred to the motion, and assign as one of the grounds of demurrer that the court below had no jurisdiction to determine the motion, because it appeared from the motion that the "plaintiff's remedy, if any he have, is upon the equity side of the docket." The court sustained the demurrer, and the plaintiff sued out this writ of error.

In a state court where a system has been adopted which amalgamates the equitable and law jurisdiction in one form of action it is easy to see how relief might be granted on motion in a case like this. It would be a matter of no consequence whether the case be considered one at law or in equity; the form of the action, and the court which had jurisdiction, would be the same. It would be useless to examine the state decisions on this subject, for neither the practice of the state courts in exercising control over their judgments and administering equitable relief in a summary way, nor the statutes of the states, can determine the action of the courts of the United States on this subject. It is a question of power, and not of procedure. Jurisdiction at law and in equity are as separate in the federal courts as if administered by different tribunals.

142 F.—29

It is a rule, well established, that all judgments, decrees, and other orders of the courts are under the control of the court which pronounces them during the term at which they are rendered and entered of record, and that the court may set them aside, annul them, or modify them at any time during the term; and it is equally well settled that, after the term is ended, all final judgments and decrees of the court pass beyond its control, unless steps have been taken during the term, by motion or otherwise, to vacate, modify, or correct them. If errors exist, they can only be corrected by writ of error or appeal, or such other appellate proceeding as may be allowed by law. This rule has been established by a long line of decisions of the Supreme Court. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797, and cases there cited.

The facts alleged in the motion show that the movant has been greatly wronged and injured. It is alleged that he held the note of Thomas O'Connor for $30,000, made April 30, 1871; and that he brought suit on this note in the court below on November 7, 1884; that he held a letter of the maker of the note, promising to pay it, thereby removing the bar of the statute of limitations. It is alleged that while this case was at issue the defendants in the suit unlawfully and wrongfully procured the arrest of the plaintiff, and by false testimony caused his conviction and sentence to a life term in the penitentiary of the state; that the suit to collect the $30,000 was dismissed against the wishes of the plaintiff, while he was so confined in the penitentiary; that the plaintiff remained continually confined in the penitentiary until he was pardoned on December 20, 1904, and restored to full citizenship. He entered the motion to vacate the judgment within nine days after his release. The foregoing is a very brief statement of the wrongs and injuries alleged in the motion. It would serve no useful purpose, and would perhaps be inappropriate, to analyze the motion with the view of deciding whether or not it contains all of the averments that would be necessary, if put in proper form, to constitute a good bill in equity for relief against the judgment. We are constrained to decide that in federal jurisprudence the appropriate remedy to set aside or enjoin the execution of judgments at law wrongfully or fraudulently obtained is by bill in equity. Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013. See, also, Tice v. School District (C. C.) 17 Fed. 283, and authorities there cited.

There is another question raised by the demurrer relating to the dividing of the state of Texas into four judicial districts, and to the effect of the act of Congress so dividing the state upon suits brought in the courts of the district before the state was so divided. The view we take of the case, that no federal court in a proceeding at law, by motion or petition to vacate a judgment rendered at a previous term, has power to grant the relief sought, makes it unnecessary for us to consider other questions.

The judgment entered in the court below is one sustaining the demurrer, and adding "that the said motion shall be dismissed, and the same is hereby dismissed, at plaintiff's cost." It is proper that the judgment should be amended so as to dismiss the motion made by the

plaintiff in the court below "without prejudice to his right to file a bill in equity." Phillips v. Negley, 117 U. S. 665, 679, 6 Sup. Ct. 901, 907, 29 L. Ed. 1013.

And, as so amended, the judgment is affirmed.