ELECTRIC VEHICLE CO. et al. v. DE DIETRICH IMPORT CO; et al.

(Circuit Court, S. D. New York. February 15, 1908.)

1. JUDGMENT—DEFAULT—MOTION TO SET ASIDE DEFAULT.
   A motion to set aside a default will be denied, where not made until after the expiration of the term at which the decree was entered, and where the defendant had been guilty of laches, and no valid excuse for permitting the default was shown.

2. PATENTS—VALIDITY—ADJUDICATION.
   A decision overruling a demurrer to a bill for infringement of a patent, based on the claim that the patent was void on its face, does not establish its validity as against any defense requiring extraneous proof.

3. SAME—CONSTRUCTION OF CLAIMS—DETERMINATION ON MOTION.
   A patent which has been in existence for 13 years, and has never been litigated on its merits, although its validity is attacked in numerous suits, which have not been brought to trial, will not be adjudged for a pioneer invention, on a motion to punish for contempt for violation of an injunction against infringement granted pro confesso.

In Equity. On motion to punish for contempt for violation of injunction, and on motion to set aside default.

Betts, Sheffield, Bentley & Betts (Samuel R. Betts, William A. Redding, and James J. Cosgrove, of counsel), for complainants.

Nathan Bijur, R. A. Parker, and George H. Engelhard, for defendants.

HOLT, District Judge. I think that the motion to open the default should be denied for the following reasons: (1) The term at which the decree was entered had expired before the motion was made. (2) The defendants were guilty of laches in making the motion. (3) No valid excuse is shown for the default. (4) The evidence satisfies me that the defendants, after full consideration, concluded to make no defense, and had no intention to move to open the default until after the motion to punish for contempt was noticed.

On the question whether the defendants have been guilty of contempt I have felt some hesitation. On the one hand, a final decree and an injunction issued pursuant to it should, in a patent case, as in all other cases, be effectively enforced. A decree pro confesso should be enforced just as effectively as any other decree. The fact that the defendant Allen, at first individually, and afterwards through the company which he had organized, took out licenses from the complainants authorizing him to import and sell in this country the De Dietrich machine, affords a strong legal presumption that he admitted that the Selden patent was valid and that it covered the De Dietrich machine. The fact that, in consideration of obtaining such licenses, he executed contracts agreeing not to sell any gasoline automobiles not licensed by the complainants, affords a strong presumption that he admitted that the Selden patent was a pioneer patent, covering all gasoline automobiles of the usual types. The fact that he permitted a decree to be taken against him by default, holding that he had infringed the patent by importing and selling the Mercedes machine, establishes as to him that the Mercedes machine is an infringement of the Selden patent, and

therefore, as to the defendant Allen, it may be a proper test, in order to determine whether the Allen Kingston automobile infringes the patent, to compare it, not only with the patent, but with the De Dietrich and Mercedes machines. On the other hand, the fact that Allen suffered the decree to be taken by default strictly establishes only the truth of the facts alleged in the bill. He admits that he had imported a few Mercedes machines, and the fact that he permitted the decree to be taken in that case simply established that he had no defense to make to that charge.

The decree did not establish that the Allen Kingston automobile infringed the Selden patent. It did decide that Allen had infringed the patent by importing and selling the Mercedes machines, and the decree thereupon enjoined him from doing anything to infringe the patent. If, therefore, the Allen Kingston automobile is obviously, upon mere inspection, an infringement of the Selden patent, the motion to punish him for contempt in offering to sell it should be granted. The question whether it is obviously an infringement seems to me to depend upon the question whether the Selden patent is a pioneer patent or not. If the Selden patent conveyed to the patentee a monopoly, in this country, of the right to make and sell any gasoline automobile of the usual types, then I think that the points of distinction alleged in the affidavit of Mr. Smith are immaterial; but if the Selden patent is not a pioneer patent covering the entire fundamental principle of the gasoline automobile, but simply is a patent for a particular kind of a gasoline automobile, I think it at least doubtful, in view of the grounds of distinction pointed out by Mr. Smith, whether the Allen Kingston automobile infringes.

It is claimed that the opinion of Judge Coxe shows that he held the Selden patent to be a pioneer patent, and its language, at first reading, seems to tend to sustain that claim; but I think that the opinion of Judge Coxe should be read in the light of the real question before him, and I cannot see how the question of the absolute validity or invalidity of a patent can be determined upon a demurrer, which is based simply upon the claim that the patent is void on its face. If the patent shows on its face that it is void, that fact may be determined upon a demurrer; but it seems to me that a decision upon such a demurrer upholding a patent cannot be conclusive on any defense which depends on extraneous proof, as, for instance, anticipation by earlier patents, or by inventions described in earlier publications, or by prior use, or any of the many defenses which may be set up to the validity of a patent which are not apparent on its face. I therefore cannot see how the decision of Judge Coxe upon the demurrer establishes conclusively that this patent is either a pioneer patent, or is valid; and admittedly there has been no decision rendered after a hearing upon the merits on proofs taken.

Moreover, there are facts in this case which support the suggestion that the complainants have hesitated to bring such a question to actual decision. The patent was applied for in 1879. It was granted 16 years later, in 1895. Nearly 13 years have since passed, during which the complainants have asserted that they had a pioneer patent, and have caused many persons to take out licenses from them, and have col-

lected, according to the motion papers, about $1,500,000 for license fees, without bringing to actual trial a case testing the question of the validity of this patent on the merits. Several such cases have been brought. One was a case against the Winton Carriage Company, in which the complainants took their prima facie proofs, and the defendant had nearly completed its proofs, when the case was compromised, and settled out of court. As early as 1903 suits were brought by the complainants against the Ford Motor Company and the O. J. Gude Company for the infringement of the Selden patent, and as early as 1906 suits were brought by the complainants against the Panhard Company. In all these suits defenses were interposed on the merits; but the testimony never has been completed, and the cases never brought to a hearing.

The claim put forth upon this motion is that the Selden patent is a pioneer patent, and that all makers of gasoline automobiles of the usual types infringe the patent. So serious a claim as this ought not to be upheld by the courts, unless the complainants either have established the validity of the patent in a contested litigation, or have been ready to do so without delay whenever an opportunity has been offered. If this motion is granted, it will be urged, as the decision of Judge Coxe on the demurrer has been urged, as an adjudication that the Selden patent is a pioneer patent, and that all makers of gasoline automobiles must have a license. I think, on the papers submitted, that there is sufficient doubt whether the Selden patent is a pioneer patent, and that, if it is not a pioneer patent, there is sufficient doubt whether the Allen Kingston automobile infringes to make it improper to grant this motion.

My conclusion, therefore, is that the motion to punish the defendants for contempt should be denied.