UNITED STATES v. NEW YORK CENT. & H. R. R. CO. et al.

(Circuit Court of Appeals, Second Circuit. June 25, 1908.)

No. 218.

1. COURTS — REVIEWABLE ORDERS — ORDER ABATING · JUDGMENT IN CRIMINAL CASE.

A motion by the executrix of a person deceased to abate a judgment entered against him in a criminal action in his lifetime, because of his death after it was entered, is an independent proceeding of a civil nature, and the order or judgment therein may be reviewed on error by the United States.

[Ed. Note.—Orders decrees and judgments reviewable in Circuit Court of Appeals, see note to Salmon v. Mills, 13 C. C. A. 374.]

2. CRIMINAL LAW — JUDGMENT — DECLARING JUDGMENT ABATED — POWER OF COURT AFTER TERM.

After the expiration of the term at which a judgment was rendered against a defendant in a criminal case the court has no power by an order to declare such judgment abated because of the subsequent death of the defendant.

Ward, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 152 Fed. 279.

See, also, 146 Fed. 298.

Henry L. Stimson, U. S. Atty. (Felix Frankfurter, Asst. U. S. Atty., of counsel), for the United States.

Austen G. Fox and John D. Linsay, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. In May, 1906, Fred L. Pomeroy, an officer of the New York Central & Hudson River Railroad Company, was indicted in the Circuit Court for offering, granting, and giving a rebate in violation of the so-called "Elkins Act." Act Feb. 19, 1903, c. 708, 32 Stat. 847 (U. S. Comp. St. Supp. 1907, p. 880). At the October term, 1906, for the trial of criminal causes, he was tried, convicted, and fined $6,000; the judgment being docketed at the time. Afterwards he died. In March, 1907, and after the final adjournment of the October term, the Circuit Court, upon the application of de-

fendant in error, as executrix of the will of said Pomeroy, entered an order declaring said judgment to have abated and to be no longer of any validity. The United States has taken the present writ to review such order.

At the outset the defendant contends that the government has no right to proceed in this way; that a writ of error can be sued out by the United States in a criminal case only to the Supreme Court, and to that court only in particular instances. The right of the government may be so limited in criminal cases. But this is not a criminal case. The issue in the criminal proceedings was the guilt of the accused. That issue had been determined before these proceedings were instituted. Indeed, the very occasion for these proceedings was the closing of the criminal case by the rendition of the judgment. Instead of being criminal in their nature, these proceedings constitute, in effect, a civil suit by the representative of Mr. Pomeroy's estate to relieve it from the payment of the judgment, for a cause wholly apart from the question of his guilt or innocence. The contention that the United States has no standing to prosecute this writ is, therefore, not well founded.

The order declares the judgment of no validity. But when it was entered the court had lost control of the judgment. It was a final judgment, and the term at which it was rendered had expired before any steps were taken. The court had no power to make the order, and its action in making it was erroneous. Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; United States v. 1,621 Pounds of Fur Clippings, 106 Fed. 161, 45 C. C. A. 263.

We are asked to determine whether the death of Mr. Pomeroy operated to vacate the judgment. But the question does not arise. If the death in itself vacated the judgment, the order was unnecessary. If it did not have that effect, the order was necessary, provided the court had had power to make it. But, necessary or unnecessary, the order was erroneous, because it affected a judgment over which the court had no control.

The order is reversed.

WARD, Circuit Judge (dissenting). If the motion of the executrix of Frederick L. Pomeroy, deceased, to abate the judgment entered against him in a criminal action in his lifetime, because of his death after it was entered, is to be regarded as an independent proceeding of a civil nature to which the United States has a right of appeal, I think it will be necessary to consider whether the Circuit Judge was right or wrong in holding the judgment to be abated. Such decisions as Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797, and Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013, only decide that after the expiration of the term, without extension by order, the court is powerless to amend or vacate its judgment as wrongfully entered, because containing error either of law or fact. This motion does not impeach the judgment on such grounds, but merely sets up a fact, occurring subsequently to its entry, which it is alleged as a matter

of law abates it, though rightfully obtained, and containing no error of law or fact. I think the court has as much power to do this at any time as it would have to require the plaintiff to satisfy the judgment if the executrix had actually paid it after the term had passed.

For this reason, I dissent from the opinion of the court, which reverses the order on the ground that the court had no power to make it.