## CORN EXCHANGE BANK v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

No. 49.

Swan, Circuit Judge, dissenting.

Laughlin, Gerard, Bowers & Halpin, of New York City (Spotwood D. Bowers and Stewart W. Bowers, both of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. During the year 1918, the appellant made loans to the Brooklyn Rapid Transit Corporation. Interest on the loans was accrued on the appellant's books, kept on an accrual basis. The Brooklyn Rapid Transit Corporation went into receivership on December 31, 1918, before the close of the business day. The bank received knowledge thereof the same day. The then accrued interest amounted to $14,014.67. The taxpayer's return for the year was made on an accrual basis; a tax was paid on this interest under duress. The court below gave judgment for the appellee, holding that, since appellant kept its books on an accrual basis, the interest item must be treated as taxable income unless otherwise properly deductible. The collector ruled that the interest item was not found to be worthless and charged off the books of the appellant during the taxable year.

The appellant contends that, as the income tax return was made for the taxable year ending December 31, 1918, and a receivership of the Brooklyn Rapid Transit Corporation had taken place, and this fact was known to the bank before the close of that day, it was improper to accrue, as income for the year, interest on an obligation of the corporation known to be in receiver's control and from whom it was known it could not expect to receive interest. When a tax is lawfully imposed on income not actually received, it is upon the basis of a reasonable expectancy of its receipt, but a taxpayer should not be required to pay a tax when it is reasonably certain that such alleged accrued income will not be received and when, in point of fact, it never was received. A taxpayer, even though keeping his books upon an accrual basis, should not be required to pay a tax on an accrued income unless it is good and collectable, and, where it is of doubtful collectability or it is reasonably certain it will not be collected, it would be an injustice to the taxpayer to insist upon taxation. Edwards v. Keith (C. C. A.) 231 F. 110; United States v. Frost, 25 Fed. Cas. 1221, No. 15172; Spencer v. Lowe (C. C. A.) 198 F. 961.

A taxpayer cannot be charged to have realized an income unless there exists reason for believing that the income is likely to be paid or can be collected. Such has been the ruling of the Board of Tax Appeals. Turner's Falls Power & Electric Co. v. Commissioner of Internal Revenue, 15 B. T. A. 983; Great Northern Ry. Co. v. Commissioner of Internal Revenue, 8 B. T. A. 225. Certainly the interest account could not be collected in due course after the receivership. Receivership gave notice that the account might not be collected, and, if collected, it might be reduced

and very much delayed. It therefore may not be treated as accrued income. It is not necessary that there be equally as strong evidence as warrants writing off an account as a loss, as in the case of a bad debt. It is sufficient, in asking for a deduction of accrued income, to be able to state that in all probability the income will not be received. The government should not tax under the claim of income, that which is not received during the taxable year and in all probability will not be paid within a reasonable time thereafter. When and if such income is received, it must be returned as such for the year received.

Bookkeeping entries which do not correctly reflect income do not estop the taxpayer from questioning the taxation. Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054; Haugh & Keenan Storage & Transfer Co. v. Heiner (D. C.) 20 F. (2d) 921; In re Sheinman (D. C.) 14 F.(2d) 323, 325; American Can Co. v. Bowers (D. C.) 33 F.(2d) 187; Douglas v. Edwards (C. C. A.) 298 F. 229; Forty Fort Coal Co. v. Kirkendall (D. C.) 233 F. 704.

Judgment reversed.

AUGUSTUS N. HAND, Circuit Judge (concurring). At the end of 1918 the Brooklyn Rapid Transit Corporation was placed in the hands of a receiver. In about five years there was a reorganization, as a result of which there was a payment of $7,757.12 upon the $14,016.67 due the plaintiff on December 31, 1918, on account of unpaid interest. Hardly any better proof could be made of the practical worthlessness in the year 1918 of the item of $14,016.67, which plaintiff had entered on its books, than that it represented an unsecured claim for accrued interest against a company which went into the hands of a receiver; that the claim was subordinate to the prior payment of principal in full; that ultimate realization of any part of it involved, as a practical matter, the hazards of a receivership and a reorganization; and that the worth in 1918 of the $7,757.12 paid in 1923 on account of the claim was the equivalent of only about 43 per cent. thereof finally obtained almost by chance after years of delay and uncertainty. After such evidence, if the government wished to show that this claim had any market value in the year 1918, it should have offered some testimony, instead of resting on the plaintiff's case. In Sherman & Bryan v. Blair (C. C. A.) 35 F.(2d) 713, we held that a debt partially worthless was within the classification of "losses sustained during the taxable year and not compensated for by insurance or otherwise," which might

be deducted under section 234 (a) (4) of the Revenue Act of 1918 (40 Stat. 1078), to the extent that it was worthless. If subdivision (4) applies, the item may be deducted as a loss.

It may, however, be said that section 234 (a) (4) cannot apply if the claim for interest became wholly worthless in 1918, and that recourse in that case would have to be had to subdivision (5) of section 234 (a), which allows deduction of "debts ascertained to be worthless and charged off within the taxable year." Subdivision (5), supra, has never been authoritatively held to be exclusive of subdivision (4), but, even if subdivision (5) alone applies to the case of debts which were once good and were later ascertained to be worthless, it can hardly affect this case. When a receivership of a large railroad system followed within less than six months after the loan here was made, and the claim for interest only yielded a little after years of delay, the reasonable inference is that the claim never had any substantial value. Consequently it was not income for the year 1918, and was no more assessable as such than the accruals upon the same loan during the years succeeding the receivership, which do not seem to have been claimed as taxable income.

If A loaned $100,000 to B, and the latter was a hopeless insolvent, but A did not know it, can it be thought that A would create taxable income by mistakenly entering interest upon the loan upon his books? What the government is permitted by the Constitution to tax is real and not supposed income. The only difference between the assumed case and the present is that here the receivership followed instead of preceded the loan. But the circumstances gave rise to the inference that the interest was of no substantial worth. It was for the government to meet this presumption if it had proof to the contrary. Should the item of interest be shown on a new trial to have had some value in 1918, to that extent and to that extent only it was subject to tax for that year. Any excess tax paid would be recoverable.

I concur with the view that the judgment should be reversed.

SWAN, Circuit Judge (dissenting). In my opinion taxpayers who report upon an accrual basis are obliged to return as gross income interest earned during the year and accrued upon their books, and are permitted only such deductions from gross income as the revenue law specifies. Sections 233, 234, Revenue Act of 1918 (40 Stat. 1077). The

interest which had accrued up to the appointment of the receiver was a debt owing to the bank, and it was neither ascertained to be worthless nor charged off during the year. Indeed, it was not in fact worthless. The interest accrued before receivership was a provable claim and entitled to receive the same rate of dividend as the principal of the loan, whatever that might be. No one doubted that some substantial dividend would ultimately be paid. To allow a taxpayer reporting upon an accrual basis to appraise the debts which he has entered on his books as constituting accrued income, according to his opinion at the end of the year of the financial responsibility of the several debtors, returning some items at face value and others at a percentage of their face, while still others are omitted altogether as worthless, would be inconsistent with accounting principles, and is not, in my judgment, what Congress intended by authorizing the keeping of books and the making of returns on a basis other than that of actual receipts and disbursements. See United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. Accordingly, I think the judgment should be affirmed.