KENNINGTON v. DONALD, Collector of Internal Revenue.*

No. 6026.

Circuit Court of Appeals, Fifth Circuit.

June 22, 1931.

*Rehearing denied September 4, 1931.

Marcellus Green and Garner W. Green, both of Jackson, Miss., and Henry J. Richardson, of Washington, D. C., for appellant.

Ben F. Cameron, U. S. Atty., of Jackson, Miss., and Wright Matthews, Atty., Bureau of Internal Revenue, of Washington, D. C., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Having unsuccessfully urged before the Commissioner and before the Board of Tax Appeals (8 B. T. A. 1030) that the Union Department Store Company was entitled to deduct under section 234 (a) (1), Revenue Act of 1918 (40 Stat. 1077), as additional compensation to certain employees sums due them under the terms of a contract upon which they received stock in the company from Kennington, the incorporator and sole owner of it, and having thereafter paid the amounts assessed and had his claim for refund rejected, appellant filed this suit in the District Court of the United States for the Southern District of Mississippi to recover the sums paid.

The case was tried before the court without a jury, and resulted in a judgment against plaintiff. The trial court took the same view of the matter as the Commissioner and the Board of Tax Appeals had done, finding in effect that the company had made no contract with the employees for additional or incentive compensation, and was not obligated to them in any way for such; that the contract which was made was a contract with Kennington individually dealing with his own stock as he had the right to do, and that the sums which the employees under the contract were allowed came to them not as compensation from the company, but as returns on the stock which they owned.

The facts are set out with some detail in the opinion of the Board, 8 B. T. A. 1030, and it is necessary to say here only that we think the facts fully sustain the finding of the trial court that no company contract to pay additional compensation ever existed, and that the sums allowed to the employees on their certificates of stock in their final settlement with Kennington represented sums due them because of their ownership of the stock, and their contract with Kennington about it, and not at all because of any obligation of the company to pay them compensation.

The record shows without contradiction that none of these sums were ever paid by the company. That they were sums arrived at and paid when, upon its sale to another company, Kennington took back from the employees the stock which he had directed the company to issue to them from his shares, "as a gratuity for the purpose of stimulating the efforts of party of the second part as an employee in said corporation."

It is claimed by Kennington that all that he did was for and on behalf of the company, and that in effect the transaction amounted to an agreement by the company in form to give to these employees the profits of the company in proportion to the stock which they held, but in fact to pay them additional compensation; the form having been adopted to furnish the additional incentive of apparent ownership in the corporation, and as a measure by which the amount to be paid should be determined. He argues that not form but fact in matters of taxation determines the treatment which should be accorded particular items, citing Corn Exchange Bank v. U. S. (C. C. A.) 37 F.(2d) 34, 35; Doyle v. Mitchell, 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054.

The Commissioner opposes the claimed deductions on two grounds: (1) That not only in form, but in fact the sums claimed as deductions are not salaries or additional compensation, but returns upon stock; and (2) that, if they should be regarded as additional compensation, they are so excessive as not to be allowable under the statute.

We agree with appellee that the sums in question accrued to the employee stockholders as a result of their ownership of the stock under the terms of their contract with Kennington, that there never was any company liability undertaken or assumed to these stockholders to pay them additional compensation, and that the form which the transaction took truly represents the facts which it purports to reflect.

The case is one simply of fact. Not only have the facts been resolved against appellant by the Commissioner [Wickwire v. Rein-

ecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Austin Co. v. Commissioner (C. C. A.) 35 F.(2d) 910] and by the Board, but, on a record which amply sustains its findings, they have been clearly and completely found against appellant by the court below.

Under these circumstances, it is neither necessary nor profitable to consider what the rights of the company would have been had they done what they now seek to claim they did do.

Finding no error in the judgment of the court below, the same is affirmed.