## GREER–ROBBINS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9675.

Circuit Court of Appeals, Ninth Circuit.

April 11, 1941.

Thomas R. Dempsey, Wellman P. Thayer, H. Benjamin Thompson, and William L. Kumler, all of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Newton K. Fox, and L. W. Post, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

The petitioning taxpayer, Greer-Robbins Company, seeks review of a decision of the Board of Tax Appeals upholding the Commissioner's deficiency assessment for the tax year 1935, based upon an accrual of interest to taxpayer, which kept its books on an accrual basis, upon moneys loaned by it to Union Motors, Inc. It is not questioned that the interest in the amount found by the Commissioner was owed by Union Motors, Inc., to taxpayer and had accrued in the tax period in question, or that in ordinary circumstances it would have been a part of taxpayer's taxable income.

Taxpayer and Union Motors, Inc., are both California corporations. All of the capital stock of the two companies was owned during the year 1935 by the same individuals in the same proportions. The Union Motors, Inc., was engaged in the sale of automobiles and the taxpayer financed the paper of the purchasers. The books of account of both corporations were kept on the accrual basis. The corporations occupied the same quarters and some of the employees of Greer-Robbins Company performed duties for each of the corporations.

At the beginning of the year 1935 Union Motors, Inc., was indebted to Greer-Robbins Company on open account in the amount of $1,249,436.03. During the year 1935, and as a result of various transactions between the two companies, the indebtedness of Union Motors, Inc. was decreased to $1,211,571.42. On December 31,

1935, the fair market value of the assets of Union Motors, Inc., was $819,793.56 and its only creditor was Greer-Robbins Company.

During the year 1935, interest accrued on the aforesaid indebtedness of Union Motors, Inc., to Greer-Robbins Company in the amount of $52,586.59. This amount was entered on the books of account of Union Motors, Inc., and was claimed by that Company as a deduction on its income tax return for the year 1935. Greer-Robbins Company did not accrue any part of this as income on its books of account nor did it report any part thereof on its income tax return for the year 1935 for the reason that the assets of Union Motors, Inc., were not sufficient to pay the entire principal of the indebtedness, and it was believed by its officers that Greer-Robbins Company would at some time in the future suffer a loss of a proportion of the principal amount of such indebtedness.

It further appeared that through their common officers the taxpayer, in the year 1935, had made further loans to Union Motors, Inc. Taxpayer contends that on the above evidence the Board is required to find that the accrued interest was of "doubtful collectibility" or that it was "reasonably certain" not to be paid within the case of Corn Exchange Bank v. United States, 2 Cir., 37 F.2d 34, and hence erred in its decision that the interest accrual was a part of its income for 1935.

We do not agree. The burden was on the taxpayer to show the bad debt character of the accrued interest. It appears that Union Motors, Inc.,'s business had not only earned sufficient to pay the accrued interest but a net profit besides. Banks frequently loan to borrowers who have no assets at all, relying on the latters' business energy and creativeness. The Board was entitled to infer from the further loans through the officers of the taxpayer to the borrowing corporation of which they were also officers, that taxpayer expected an appreciation of assets sufficient to pay off both principal and interest of the Union Motors' indebtedness. The Board could have taken judicial notice that the real estate of the debtor, admittedly of a much higher value prior to the great depression, well could rise with the increasing prosperity beginning in 1935 to a value above the indebtedness, and that this moved the taxpayer's officers in making the increase in advances in 1935. Likewise they may have been motivated by the improvement in general business in 1935 as the country emerged from the depression.

Since the evidence warranted the finding of the Board that the deficiency was properly determined, the Board's decision is affirmed.

Affirmed.