## Case No. 14,588.

UNITED STATES v. BEVAN et al.

[1 Crabbe, 324.] [1]

District Court, E. D. Pennsylvania. March 5, 1840.

PRINCIPAL AND AGENT—CUSTOMS DUTIES—ACTION FOR DUTIES AGAINST AGENT.

Where importers employ agents to pass goods through a custom-house, and the agents, known so to be, obtain certain goods free of duty, if a mistake of the revenue officers is afterwards discovered, by which the goods appear to have been chargeable, the agents are not liable for the sum so due.

This was a suit founded on an alleged mistake of the officers of the custom-house at Philadelphia. It appeared that the defendants [Mathew L. Bevan and May Humphries, trading under the firm of Bevan & Humphries] had acted as agents of Deforest and Sons, of New York, in passing certain packages of wool through the custom-house at Philadelphia, in March, 1836; that the revenue officers had reported the wool to be free of duty, under the second section of the act of July 14, 1832 (4 Story's Laws, 2318 [4 Stat. 583]) and that it had thereupon been delivered to the defendants, who at once transferred it to their principals. Subsequently an error of the revenue officers was discovered, which, when corrected, showed the goods to have been chargeable; and suit was thereupon commenced against Bevan and Humphries.

Mr. Read, U. S. Dist. Atty.

After the evidence, Mr. Read, for plaintiffs, contended, that the duties having accrued on the importation, they might be sued for at any time, if they had been before omitted from mistake or accident. U. S. v. Lyman [Case No. 15,647].

Mr. Meredith, for defendants.

The defendants are not the owners or importers of the wool, and the question is whether they are responsible as agents. The law gives a remedy against the importer or owner, but not against an agent who declares himself to be such. The custom-house knew that the defendants, were no more than special agents for this transaction. As soon as the goods were sent to Deforest and Sons the defendants had nothing more to do with them.

HOPKINSON, District Judge (charging jury). Several questions of law and fact have been discussed in this case. The view I have of the preliminary question raised for the defence will render an examination of the other points unnecessary. The question is this: Supposing the weight of this wool to have been such as is alleged by the plaintiffs, and, of course, that its value was greater than eight cents a pound, thereby render-

---

[1] [Reported by William H. Crabbe, Esq.]

ing it liable to duty; and granting also, that the duty might now be received from the importers, notwithstanding the action of the officers of the custom-house, declaring the goods to be free, and as such delivering them to the defendants, as the agents of the importers; are the present defendants, no fraud being alleged, liable for these duties?

If an agent conceals his agency and is dealt with as the principal, he is liable in his own person for the contract? The defendants went to the custom-house as the declared agents of Deforest and Sons, for the special purpose of entering this wool for them and on their account, and had no further interest in it. When the entry was made they received a permit, the goods were delivered to them as agents, and were at once sent, by them, to their principals, the whole agency being thereby discharged and ended. So they remained for more than a year, and then, after they had parted with the goods, under the written order or permit of the proper officer of the United States, they are called upon, in an action of debt, to pay this duty, under the allegation that a mistake was made, by the officers of the United States, in the value of the articles. What remedy the plaintiffs may have against the principals in this transaction, the true owners and importers of the wool, we are not called upon to decide, nor to anticipate the decision of the questions of law and fact which will then arise. I am of opinion that this action cannot be maintained against the present defendants.

Verdict for the defendants.