## BALDWIN et al. v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit. January 14, 1902.)

### No. 59.

CUSTOMS DUTIES — UNDERVALUATION — CONSIGNEE — LIABILITY OF CUSTOMS BROKERS.

Customs Administrative Act June, 1890, § 1, provides that merchandise imported in the United States shall, for the purpose of the act, be deemed the property of the one to whom it is consigned, but that the holder of any bill of lading consigned to order, and indorsed by the consignor, shall be deemed the consignee thereof. *Held,* that where merchandise is consigned to customs brokers for another, who is the owner, the brokers, having presented the invoice, made the entry, and received the goods, are liable for additional duties assessed because of undervaluation.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against Austin P. Baldwin and others to recover customs duties. From a judgment for the United States (107 Fed. 104), defendant brings error.

The action was brought to recover $285.58, balance of regular duties, and $706 as additional duties, under the provisions of section 7 of the customs administrative act, as amended by section 32 of the tariff act of 1897. Plaintiffs in error are partners engaged in business as forwarding agents and custom-house brokers in the city of New York. The merchandise in question consisted of a case of dressed furs, and, upon the bill of lading accompanying the same, the said merchandise was stated to be consigned to the defendants for one Frank Norris. Norris was the owner in fact of the merchandise, and defendants had no interest therein, except to perform their duties as agents and licensed custom-house brokers. They entered the goods with the collector, making the declaration prescribed for consignees, importers, or agents, pursuant to the customs administrative act of June, 1890, stating the value at $190, and specifying the said Frank Norris as the ultimate consignee and owner of such merchandise, and at the time of making such entry paid to the collector $38 on account of duties. The goods were duly appraised at $1,412. Forfeiture proceedings were instituted. No person appeared, intervened, or made claim. The goods were decreed forfeited, and were sold, and proceeds covered into the treasury. Action was brought in this court, as above stated, to recover regular duties, and also additional duties for undervaluation; recovery for such additional duties being asked only up to one-half the valuation, viz., $706. Plaintiff had judgment for the full amount.

Arthur M. King, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

PER CURIAM. Most of the questions raised on this appeal are the same as those decided in Gray v. U. S., 113 Fed. 213, the opinion in which is handed down herewith. Defendants contend that they are not liable as consignees, that they were merely forwarding agents and brokers, and that the consignee to whom the government must look for regular or additional duties is the "ultimate consignee" only.

The first section of the customs administrative act reads as follows:

"That all merchandise imported into the United States shall, for the purpose of this act, be deemed and held to be the property of the person to

whom the merchandise may be consigned; but the holder of any bill of lading consigned to order and indorsed by the consignor shall be deemed the consignee thereof," etc.

The government is not called upon to hunt up any ultimate consignee, when there is a primary consignee to whom the goods are sent, and who himself presents the invoice, makes the entry, receives the bill of lading, and gets the goods; thus being himself their "importer." Knox v. Devens, 5 Mason, 482, Fed. Cas. No. 7,905. In U. S. v. Bevan, Crabbe, 324, Fed. Cas. No. 14,588, referred to in defendants' brief, apparently there had been no consignment to the persons sued.

The judgment of the district court is affirmed.