## UNITED STATES v. WELLS FARGO & CO.

(Circuit Court of Appeals, Second Circuit. February 9, 1921.)

### No. 151.

Customs duties ⚙═►93—Express receipt is not a "bill of lading," so as to make indorsee liable for duty.

An express receipt for merchandise, which names the consignee and is marked "nonnegotiable," *held* not a bill of lading, within the meaning of Tariff Act Oct. 3, 1913, § 3, par. B (Comp. St. § 5519), the indorsement of which passes title to the merchandise, and its indorsement by the consignee to a connecting carrier does not make such carrier the consignee, nor render it liable for duty on the merchandise, even though it makes entry of the same.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Lading.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against Wells Fargo & Co. Judgment for defendant, and the United States brings error. Affirmed.

Francis G. Caffey, U. S. Atty., and John E. Walker, Sp. Asst. U. S. Atty., both of New York City.

Stockton & Stockton, of New York City (Kenneth E. Stockton, of New York City, of counsel), for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On May 20, 1918, there was imported into this country from Canada, and entry made thereof with the collector of customs of the port of New York, three barrels of coal tar colors. Declaration on the entry was made by the defendant in error, and it was stated Hintze & Co. of 623 Broadway, New York City, N. Y., was the purchaser or ultimate consignee. The importation was from Cornwell, Ontario. Entry for immediate transportation was made to the collector of customs at Niagara Falls, N. Y., on May 24, 1918, to be shipped in bond to New York City, namely, via Wells Fargo & Co. express.

When the consumption entry was made with the collector of customs of New York, no bill of lading was presented to the collector, but a merchandise receipt issued by the Canadian Express Company, dated May 11, 1918, was presented. On its face the shipment was addressed to Hintze & Co., New York, and there was indorsed thereon: "Deliver to Wells Fargo & Co. Hintze & Co." Below this indorsement was the indorsement of Wells Fargo & Co. On entry, the duties on the importation were estimated at $585, and this was paid to the collector by Wells Fargo & Co. Duties on the importation were liquidated by the collector on January 21, 1919, in the sum of $663. It is the difference between the liquidated duties and the estimated duties, namely, $78, which is sought to be recovered here. The statute invoked is section 3, paragraph B, of the Customs Administrative Act (Tariff Act of October 3, 1913 [Comp. St. § 5519]) providing:

"That all merchandise imported into the United States shall, for the purpose of this act, be deemed and held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly endorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof; and in case of the abandonment of any merchandise to the underwriters the latter may be recognized as the consignee."

The Secretary of the Treasury on August 13, 1915, promulgated the following Customs Regulations:

"Art. 219. *Bill of Lading.*—A bill of lading is necessary to establish the right to make entry in every case where it is the custom to issue such a document.

"Where, as in the case of express companies, it is the practice to issue shipping receipts in lieu of bills of lading, such receipts may be accepted for the purpose of entry. * * *

"Art. 220. *Who may Make Entry.*—*Filing of Bill of Lading.*—Entry may be made by the consignee named in the bill of lading, or by the indorsee thereof or by the holder of a bill of lading consigned to order and indorsed by the consignor. * * * "

Unless the defendant in error is the consignee, even though entry of this merchandise was made by it, it is not liable. Was it the consignee? The receipt was indorsed by the ultimate consignee; but is this document, so indorsed, a bill of lading within the meaning of the statute and the treasury regulations? The defendant in error was a common carrier for the consignee. The owner of the property in the first instance is to be regarded as the consignee. Baldwin v. United

States, 113 Fed. 217, 51 C. C. A. 174. In the Baldwin Case, it was held the custom brokers were the consignees, although they were consignees in trust for another for whom the goods were undoubtedly imported. In the case at bar, however, the defendant in error presented to the collector at the time of entry a document called a merchandise receipt, issued by the Canadian Express Company, which is a receipt from a Canadian shipper of the merchandise in question, which contains the value of the barrels and the address of Hintze & Co., the consignee. The indorsement directing delivery to the defendant in error, it is urged, makes it the consignee for the purpose of fixing importation duties, and because it is so indorsed it is argued that the holder of this document comes within the phrase of the subdivision reading as follows:

"The holder of a bill of lading duly indorsed by the consignee therein named."

If the receipt, with its indorsement, is not a bill of lading as provided by the statute, then there was no error in the court below. A distinguishing feature of the bill of lading is that it represents the goods, so that by the delivery of it, under the practice of merchants, there is a symbolical delivery of the goods and thus the obligations of contracts of sale are satisfied. By the indorsement of a bill of lading, the property rights to the goods can pass from hand to hand, without the actual necessity of removing the goods themselves or the delivery thereof. Customs Administrative Act, § 3, defines persons who might make entry of imported merchandise and who must pay the customs duties thereon. It was the evident intent of Congress to impose liability upon the owners of the merchandise and the consignee is presumptively the owner of the goods. The consignee is presumptively the owner of the goods, since it is provided that he might make entry of the goods, with attendant assumption of liability for customs duties. It is recognized that title might pass from the consignee by indorsement of a bill of lading, and it was provided that in such event the indorsee should have the rights and liabilities of the original consignee. So the practice has been that a bill of lading is surrendered only when the goods are delivered. The transfer of title is made by indorsement of the bill of lading, and the indorsee then becomes entitled to the goods from the carrier, and, by the usage of merchants, the indorsement of the bill of lading from the consignee to the new title owner becomes a fixed practice. Carriers then became subject to the rule that the goods could not be delivered, except upon surrender of the bill of lading, and the holder or transferee of the bill of lading was expected to present the bill in order to obtain delivery of the goods, and was entitled to delivery of the goods upon such presentations. Ga., Fla. & Ala. Ry. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948.

An express receipt has not had the same effect of passing title. Upon presentation of a freight receipt, even though indorsed, the right to delivery of the merchandise does not follow. The carrier express company issued the receipt which authorized delivery to the consignee

himself or to his duly authorized representative, and that is all. The obligation of the express company, which gives the express receipt, is to deliver to the person who shows himself to be the consignee or his authorized representative under all the circumstances. The express receipt is not demanded for the delivery of the goods, and it has not been customary, in forwarding goods, to forward the express receipt as a symbol of goods shipped. If the express receipt authorized the defendant in error to make delivery to a person on behalf of the consignee, the company is justified in making this delivery; but the fact that authorization is indorsed on the back of the express receipt does not pass title. It created a right to demand delivery of the goods, which may be revoked by a subsequent order of the consignee to the express company to disregard the indorsement. If such an order be given, the express company would be unauthorized to deliver to any one except the original consignee.

Thus it will be observed that a bill of lading is both the receipt and a contract by the carrier to deliver to the consignee or the holder of a duly indorsed document, and an express receipt serves one purpose, to wit, a receipt limiting the carrier's liability in case of loss and damage upon contingencies named in it. A distinction between a bill of lading and a receipt is indicated by the enactment of Congress (Act June 29, 1906, c. 3591, § 7 [Comp. St. §§ 8604a, 8604aa]), where the issuance of a receipt or bill of lading is referred to, indicating that there are two different forms which might be issued. Rule 2 of the Official Express Classification No. 25, effective July 1, 1917, which is part of the tariffs filed with the Interstate Commerce Commission pursuant to the Interstate Commerce Act, provides:

"(c) Shipments destined to points in the United States and adjacent foreign countries must not be accepted when consigned 'to order of' or 'to notify' a bank, or any person.

"(d) Uniform express receipts are not negotiable and shipments must not be accepted, the delivery of which is conditioned upon surrender of the original receipt at time of delivery."

We may take judicial notice of this. Boston & Maine R. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593. We therefore conclude that the indorsed express receipt in question is not a bill of lading within the meaning of subdivision III of the Customs Administrative Act.

Judgment below affirmed.

WARD, Circuit Judge (concurring). The Express Company is a common carrier, and, whatever the document under consideration be called, it is not only a receipt for the goods, but a statement of the terms upon which they are to be carried. In other words, it is a bill of lading. As, however, it is not to order and is marked "nonnegotiable," it does not represent the goods, and the indorsement upon it does not constitute delivery of the goods.

For this reason the decree should be affirmed.