### UNITED STATES v. WILLIAM H. MASSON, Inc.

### No. 6383.

District Court, D. Maryland.

July 1, 1940.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md.

Stevenson Masson and J. Cookman Boyd, Jr., both of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

This is a suit by the Government to collect the balance, $169.35, of duty payable on merchandise imported from Germany, namely, one case of cotton gloves. The merchandise was consigned, by an order, ocean bill of lading, from Bremen to New York, to the order of the German

shipper. From New York it was forwarded in bond under a United States Customs "immediate transportation entry" to Baltimore, on a Baltimore & Ohio Railroad local bill of lading, after the ocean bill of lading had been presented to the New York customs by agents for the railroad, this local railroad billing being consonant with a through railroad bill of lading, issued in Germany to the shipper's order, by agents of the Baltimore & Ohio Railroad, in addition to the ocean bill of lading, the through railroad bill of lading being at all times held by others than the defendant, subject to payment of an attached draft. The present defendant acted as broker or agent for the "notify consignee" under the through railroad bill of lading, namely, Clausen Brothers, Baltimore, but never had in its possession or control any of the three bills of lading just referred to, although it did, in its capacity as such broker or agent make a socalled "consumption entry" of the merchandise at the Baltimore customs, and gave the usual declaration required of nominal consignees, declaring Clausen Brothers to be the actual owner of the goods. The through railroad bill of lading was never presented to customs. No further steps were ever taken to release or claim the goods, so the Government, after holding them for more than a year, sold them for unpaid duty, pursuant to the provisions of 19 U.S.C.A. § 1491, and the present suit is for the deficiency resulting from the sale, the Government claiming that the defendant is "the consignee" of the goods within the meaning of 19 U.S.C.A. § 1490, and therefore is liable for the duty. Defendant claims that by reason of the aforegoing facts it never became a claimant or consignee of the merchandise and, therefore, is not liable for the duty.

■ The relevant statutes above referred to are as follows: "(a) Whenever entry of any imported merchandise is not made within the time provided by law or the regulations prescribed by the Secretary of the Treasury, or whenever entry of such merchandise is *incomplete because of failure to pay the estimated duties*, or whenever, in the opinion of the collector, entry of such merchandise can not be made for want of proper documents or other cause, or whenever the collector believes that any merchandise is not correctly and legally invoiced, he shall take the merchandise into his custody and send it to a bonded warehouse or public store, to be held at the risk and expense of the consignee until entry is made or completed and the proper documents are produced, or a bond given for their production." 19 U.S.C.A. § 1490. "Any *entered* or unentered merchandise (except merchandise entered under section 1557 of this chapter [not applicable here], but including merchandise entered for transportation in bond or for exportation) which shall remain in customs custody for one year from the date of importation thereof, without all estimated duties and storage or other charges thereon having been paid, shall be considered unclaimed and abandoned to the Government and shall be appraised by the appraiser of merchandise and sold by the collector at public auction under such regulations as the Secretary of the Treasury shall prescribe. * * *" 19 U.S.C.A. § 1491. (Italics inserted.)

It is to be noted that Section 1491 refers only to "Any entered or unentered merchandise" and does not specifically refer to an "incomplete entry" such as occurred in the present case. However, since this section must be read in relation to Section 1490, also above quoted, with which it is associated, and since Section 1490 uses the words "whenever entry of such merchandise is incomplete because of failure to pay the estimated duties," it is a reasonable construction of Section 1491 to say that an incomplete entry such as occurred in the present case is embraced within the provisions of this section.

■ The Government also relies upon 19 U.S.C.A. § 1483, subsection (1), which is as follows: "All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof. * * *" The Government contends that the present defendant is to be treated as the consignee within the meaning of that word as used in the section just quoted, because of the fact that the defendant made declaration to the effect that it was the nominal consignee or agent, although at the same time declaring that Clausen Brothers and not itself was the actual owner or ultimate consignee. In other words, the Government contention is that it should not be required to hunt up the actual owner or

consignee but may fasten the responsibility to pay the duty upon the agent or broker who acts, as in the present case, for and on behalf of the actual owner or consignee.

With this contention we cannot agree. The present case, apparently embodying facts that are somewhat unusual, is to be distinguished from those cases where the customs broker either appears on the documents themselves as the consignee even though not the ultimate consignee; or where the customs broker has, by his sworn declaration that he himself is the consignee, been estopped to assert the contrary. The first type of case just referred to was dealt with in Baldwin v. United States, 2 Cir., 113 F. 217, certiorari denied, 184 U.S. 700, 22 S.Ct. 939, 46 L.Ed. 765, upon which the Government relies; and the second type in United States v. Vandiver, D.C.; 133 F. 252. In the Baldwin case the merchandise was actually consigned to the customs brokers and they presented the invoice, made the entry, received the bill of lading and got the goods. In the Vandiver case, the customs broker made a sworn declaration to the effect that he himself was the consignee. In each of these cases the Court held, and we think rightly, that on the particular facts the customs broker was liable for the duty. In the Vandiver case the opinion by Judge McPherson contains the following statement very pertinent to our present inquiry (133 F. at page 254): *"If the liability of a customhouse broker, as such, to pay duties, is to be determined, it ought to be raised in a case where he confines himself to his agency, and does not assume another character.* No doubt it is convenient for these brokers to make the necessary declarations themselves, instead of requiring their clients to make them, but, if they choose to take upon themselves a character to which they are not entitled, they may be called upon to bear some of its burdens—at least, so far as the government is concerned. Who should ultimately pay such a duty as is here involved —the broker or his principal—is not now in controversy." (Italics inserted.) In the present case the documents disclose that the defendant confined itself to its agency, and did not assume another character. It is true that the printed form of declaration which defendant used, as it was required to do and which was supplied by the Government, is headed "Declaration of Nominal Consignee or Agent." But we must look through form to substance and we believe it would be a strained construction of the law to impose upon the present defendant the burden of paying the duty. The true indicia of title, namely, the railroad order bill of lading, was never in defendant's hands and was still outstanding when defendant made its declaration. Of these facts the customs officials had notice. The one having legal title to, that is, the true holder of such a bill of lading, is the only one entitled to receive the goods. Congress may provide for the payment of duties in a way which does not necessarily parallel the requirement with respect to release of the goods. In fact, that is what has been done by the provisions of 19 U. S.C.A. § 1484, subsections (c), (h) and (i), but these relate to situations where either there is (1) no bill of lading, (2) where indemnifying bond is given pending its production, or (3) where there is a carrier's certificate or a duplicate bill of lading—none of which circumstances exists in the present case.

We must put a reasonable construction upon the law and upon the definition of "consignee" therein, as applied to the facts in the present case. There is no evidence, other than its formal declaration as nominal consignee or agent, that defendant ever intended to have anything to do with the goods except to expedite their entry on behalf of the actual owner or consignee. Defendant was not the party that lodged the ocean bill of lading with the customs. It was forwarded by New York customs to Baltimore customs, and there is no evidence in the present case indicating that the defendant should be made to assume any liability with respect to the duties. The Baltimore customs office had notice of the fact that the railroad order bill of lading was outstanding, because such was apparent from the indorsement on the ocean bill of lading and the "IT" entry. So the Government was required to recognize the existence of an actual consignee, and in the absence of fraud or deception and any inconsistent declaration on the part of the broker, we accept the latter's position, as stated, to be one devoid of all of the indicia of a consignee such as the law contemplates making liable for duty.

We have been referred to no reported decision or Treasury regulation, nor have we found any, dealing with the precise

facts here involved. As already explained, we believe that they are distinguishable from the facts involved in the types of cases upon which the Government relies.

An order will be signed for judgment in favor of the defendant in accordance with this opinion.